UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LORREN WHITFIELD, *pro se*,  :
  :
           Plaintiff,  :
  :
        -against-  : **MEMORANDUM
  : AND ORDER**
ATIA N. LOPEZ, DENNIS BURNS,  : 15-CV-4827 (DLI) (LB)
DEAN TSUTAE KUSAKABE, ROBERT  :
EPSTEIN, RICHARD COLODNY, J.  :
WILLIAMS, Supervisor BERKLEY or  :
BARKELY, PHILIP CALANDRILLO,  :
NEAGIA DREW, DENISE  :
BROCKINGTON, NEW YORK  :
HOUSING AUTHORITY,  :
  :
           Defendants.  :
-------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

On September 16, 2015, plaintiff Lorren Whitfield ("Plaintiff"), appearing *pro se*, filed this action against various defendants. Compl., Dkt. Entry No. 3. On September 22, 2015, Plaintiff filed a "Notice of Preliminary Injunction and Order to Show Cause." Dkt. Entry No. 5. Although initially Plaintiff requested to proceed *in forma pauperis*, on October 2, 2015, Plaintiff paid the statutory filing fee to commence this action. Dkt. Entry Nos. 4 and 9. For the reasons set forth below, the complaint is dismissed and Plaintiff is granted leave to amend the complaint NO LATER THAN NOVEMBER 16, 2015 to the extent indicated in this Memorandum and Order.

**BACKGROUND**

Plaintiff's submission is difficult to discern. He strings together various legal theories and concepts, but provides sparse facts. For example, in the complaint he alleges:

> See Bill in Equity. Also, I Whitfield Lorren v. the Chief executor for the status of Lorren V. Whitfield and [F.W.] have bee[n] trespassed upon with deprivation of rights and remedy. I have been physically damaged or injured seriously. I am being refused proper medical care and compensation.

Compl. at 2. He also alleges "[t]here is misjoinder ex delicto . . . [and] breach of contract with all parties and trespass, assault and harrassment [sic]." *Id.*

In addition, Plaintiff includes documents titled "Apostille" from the State of New York, Department of State, Notices of "Executor Office," "Demand for Postliminy," "Affidavit of Mistake of Identity," and "Notice and Reminder - Violations of the Lieber Code." Plaintiff's request for an order to show cause includes similar documents along with a transcript of a disciplinary proceeding dated April 1, 2010 by the New York Housing City Authority ("NYCHA"), Plaintiff's employer. Plaintiff seeks an order

> enjoining the defendants/tort feasors during the pendency of this action from the use of the name LORREN WHITFIELD AND F.W. or any other collective entities thereof. . . . STAY of any unlawful or meritless attachments of debt and/or orders of performance on a creditor, unsolicited contact, and administration of the estates of LORREN WHITFIELD and F.W. or unauthorized constructive trusts not authorized by the beneficiary, creditor and chief executor Whifield, Lorren Vincente, in rerum natura to those estates above.

Pl. Notice of Preliminary Injunction and Order to Show Cause at Dkt. Entry No. 6, p.1 (emphasis in original).[1] He also includes the following documents: "Indemnity and Indenture Bond," a UCC Financing Statement, "Writ of Scire Facias," "A Letter Rogatory," "Complaint by Bill in Equity," "Notice of Revocation of Power of Attorney," "Letter of Demand from the Office of Executor," copies of medical records, several "Apostilles," and an "Affidavit of Facts and Affirmation" (the "Affidavit") *See* Dkt. Entry No. 6-1, pp. 1-37. Plaintiff's Affidavit alleges that defendant Atia N. Lopez, the mother of his child, has made false reports of domestic abuse against him that have

---

[1] Because some of Plaintiff's submissions do not have sequential page numbers, the Court refers to the page number assigned by the Electronic Filing System ("ECF") when referencing Plaintiff's submissions without page numbers.

caused him to be falsely arrested and injured. Affidavit at Dkt. Entry No. 6-1, pp.21-24. He seeks an order directing that defendant "Lopez and her domestic partner . . . be imprisoned until my offspring reaches the age of majority of twenty one years and an equitable judgment of sixty million USD and cost." *See id.* at p. 24.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Advertising*, 487 Fed. App'x. 675, 676 (2d Cir. 2012) (citations omitted).

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 263, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Federal Savings Banks*, 224 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous complaint), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P.

12(h)(3).

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990); *D.D. v. New York City Bd. of Educ.*, 2004 WL 633222, at *23 (E.D.N.Y. Mar. 30, 2004). To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010).

## DISCUSSION

Plaintiff invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1333, 42 U.S.C. § 1983, 18 U.S.C. §§ 241-242 and 12 U.S.C. § 95a(2). *See* Compl. at 2.

A.  <u>42 U.S.C. §1983</u>

Plaintiff is proceeding pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color

4

of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984).

In this case, it is clear that Ms. Lopez and Dennis Burns are not state actors. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F.Supp.2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Accordingly, Ms. Lopez and Mr. Burns cannot be sued pursuant to Section 1983, and this claim is dismissed as to them, with prejudice.

Furthermore, the NYCHA lacks the capacity to be sued. Chapter 17 Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17 § 396; *see also Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008). Therefore, the Section 1983 claim is dismissed, with prejudice, as to the NYCHA.

As to the remaining defendants, Plaintiff fails to provide any facts against these defendants other than legal conclusions. *See* Compl. at 2-4. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678-79. Pursuant to Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Goonewardena v. State of New York*, 475

F.Supp.2d 31, 320 (S.D.N.Y. 2007) (quoting Fed. R. Civ. P. 8(a)(2)); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's complaint fails to allege facts against the remaining individual defendants named in the caption that would support a claim under Section 1983. Therefore, the Court grants Plaintiff leave to file an amended complaint in compliance with Rule 8, Section 1983, and the attached instructions.

B.  <u>18 U.S.C. §§ 241-242, 12 U.S.C. § 95a(2), and 28 U.S.C. § 1333</u>

Plaintiff seeks to pursue claims under 18 U.S.C. §§ 241 and 242, which are criminal statutes. The Second Circuit has held that there is no private right of action under these criminal statutes. *Hill v. Didio,* 191 Fed App'x. 13, 14 (2d Cir. 2006) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (no private suit under Section 242)); *Id.* (citing *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (no private suit under Section 241)); *see also Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *Lodrini v. Sebelius*, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241 and 242 do not provide a private cause of action).

Furthermore, "criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973)); *Ostrowski v. Mehltretter,* 20 F. App'x. 87, 91 (2d Cir. 2001).

Finally, Plaintiff does not have a private right of action under either 28 U.S.C. § 1333 or 12 U.S.C. § 95a(2). Respectively, these statutes confer original and exclusive jurisdiction on federal courts over admiralty, maritime and prize cases, and authorize the President of the United States to regulate foreign transactions during war time. Therefore, those portions of the complaint seeking relief under 18 U.S.C. §§ 241-242, 28 U.S.C. § 1333, or 12 U.S.C. § 95a(2) are dismissed as frivolous, with prejudice.

C.   Secured Party Status

Based on Plaintiff's submission of UCC Financing Statements and references to himself as a "Secured Party," *see* Pl. Notice of Preliminary Injunction at Dkt. Entry No. 6-1, pp. 2-8, and subsequent documents filed with the Court, *see* Dkt. Entry Nos. 7 and 10, the Court warns Plaintiff that such "redemptionist" theory language will not yield results here.[2] *See, e.g., Greene v. Pryce*, 2015 WL 4987893, at *3 (E.D.N.Y. Aug. 18, 2015) (citing *Monroe*, 536 F.3d at 203); *McLaughlin v. CitiMortgage, Inc.,* 726 F.Supp.2d 201, 210 (D.Conn. 2010) (citations omitted). "Theories presented by redemptionists have been rejected by the courts as frivolous arguments." *Greene*, 2015 WL 4987893 at *3 (citing *Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011); *Branton v. Columbia Cty.*, 2015 WL 3397949, at *3 (N.D.N.Y. May 26, 2015); *Muhammad v. Smith*, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014); *McLaughlin,* 726 F.Supp.2d at 210. Accordingly, Plaintiff's UCC claims are dismissed as frivolous.

---

[2] "Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. [They claim that] individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody." *Monroe v. Beard*, 536 F.3d 198, 203 n. 4 (3d Cir. 2008).

## CONCLUSION

For the reasons set forth above, Plaintiff's claims under 18 U.S.C. §§ 241-242, 28 U.S.C. § 1333, and 12 U.S.C. § 95a(2) are dismissed as frivolous. Plaintiff's request to compel a criminal prosecution against any of the defendants is dismissed as frivolous. Plaintiff's Section 1983 claims against Ms. Lopez, Mr. Burns, and NYCHA are dismissed as frivolous. As Plaintiff has not met the standard for obtaining a preliminary injunction, his order to show cause for a preliminary injunction is denied.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to comply with Rule 8 and the requirements of Section 1983 as to the remaining defendants. If Plaintiff elects to file an amended complaint, it must be submitted to the Court NO LATER THAN NOVEMBER 16, 2015, and bear the same docket number as this Memorandum and Order, 15-cv-4827(DLI)(LB). For the convenience of *pro se* Plaintiff, "Instructions on How to Amend a Complaint" are attached to this Memorandum and Order. Plaintiff is advised that the amended complaint will replace the original pleading. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint by November 16, 2015, or if the amended complaint fails to comply with this Memorandum and Order, this action will be dismissed with prejudice.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.  
Dated: Brooklyn, New York  
October 16, 2015

/s/  
DORA L. IRIZARRY  
United States District Judge