```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LORREN WHITFIELD,                                      :
                                                       :
                        Plaintiff,                     :
        -against-                                      :         MEMORANDUM
                                                       :         AND ORDER
DEAN TSUTAE KUSAKABE, ROBERT                           :         15-CV-4827 (WFK) (LB)
J. EPSTEIN, ROBERT RATANKSI,                           :
SGT. J. WILLIAMS, Supvser/LT.                          :
BARKLEY, JOHN DOE/S (the two                           :
bailiff/s that handcuffed me again) JANE               :
DOE (Clerk), PHILLIP CALANDRILLO,                      :
DENISE BROCKINGTON, NEAGIA                             :
DREW, JOHN DOES, JANE DOES,                            :
                                                       :
                        Defendants.                    :
-------------------------------------------------------X
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 16, 2015, plaintiff Lorren Whitfield, appearing *pro se*, filed this action against various defendants and also subsequently filed a "Notice of Preliminary Injunction and Order to Show Cause." Plaintiff paid the statutory filing fee to commence this action. By Memorandum and Order dated October 16, 2015, the Court dismissed certain claims and defendants as frivolous, denied plaintiff's Order to Show Cause and directed plaintiff to file an amended complaint. On November 16, 2015, plaintiff filed an amended complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and 18 U.S.C. §§ 1961-1968.

The amended complaint shall proceed as to defendants Sgt. Williams and Lt. Barkley based on plaintiff's allegations of false arrest, false imprisonment and illegal search and seizure as set forth therein. *See* Am. Compl. at 6-8. However, the amended complaint is dismissed as to Family Court Judge Kusakabe, Robert J. Epstein, Clerk of Family Court Robert Ratanski, Jane Doe Clerk, Phillip Calandrillo, Denise Brockington, Neagia Drew, John Does and Jane Does for the reasons set forth below.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Advertising*, 487 F. App'x 675, 676 (2d Cir. 2012) (citations omitted).

Even if plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 263, 363-64 (2d Cir. 2000). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact – i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

2

## DISCUSSION

Judge Kusakabe and the Clerk of Family Court Ratanski have absolute immunity. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Moreover, in cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal. *See Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (*per curiam*) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation and citation omitted); *Fisch v. Consulate General of Republic of Poland*, Nos. 11 Civ. 4182, 11 Civ. 4183, 2011 WL 3847398 (S.D.N.Y. Aug. 30, 2011).

Similarly, the Clerk of Family Court Robert Ratanski and Jane Doe Clerk are also immune. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). "Even 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judical officer . . . that officer's immunity is also available to the subordinate.'" *Id.* at 67. Plaintiff's claims against the court clerks are dismissed as they are entitled to immunity. *See McGann v. Lange*, No. 96 CV 859, 1996 WL 586798, at *2 (E.D.N.Y. Oct. 10, 1996); *Caldwell v. James*, No. 14 CV 5384, 2015 WL 427980, at *4 (E.D.N.Y. Jan. 30, 2015) (citations omitted).

As to the remaining defendants, other than Sgt. J. Williams and Lt. Barkley, plaintiff fails to comply with the Court's Memorandum and Order. Plaintiff fails to provide facts against defendants Robert J. Epstein, Phillip Calandrillo, Denise Brockington, Neagia Drew, John Does and Jane Does which would support a claim under the United States Constitution or federal laws.

Specifically, plaintiff fails to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. *See Brito v. Arthur,* 403 F.App'x 620 (2d Cir. 2010) (quoting *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir. 1977) *(per curiam)*). Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Gallop v. Cheney,* 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 591 (2d Cir. 1999) *(per curiam); Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir. 1990) (citations omitted). Furthermore, there are no facts against these defendants to support a claim pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), Pub. L. No. 91-452, tit. IV, 84 Stat. 922, 941-48 (1970) (codified as amended at 18 U.S.C. §§ 1961-1968).

Plaintiff's amended complaint against these defendants either fails to comply with the Court's Memorandum and Order or relies on conclusions with no facts to support these claims and as such are frivolous. Although all allegations contained in the amended complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.*

## CONCLUSION

For the reasons set forth above, the amended complaint, is DISMISSED as to Judge Kusakabe, Robert Ratanski, Robert J. Epstein, Jane Doe Clerk, Phillip Calandrillo, Denise Brockington, Neagia Drew, John Does and Jane Does. The Clerk of Court shall amend the caption to reflect the dismissal of these defendants.

The amended complaint shall proceed against Sgt. J. Williams and Lt. Barkley. It is plaintiff's obligation to effect service of process as to these defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff shall promptly advise the Court once defendants Williams and Barkley have been served. The case is referred to the Honorable Lois Bloom, United State Magistrate Judge, for pretrial supervision.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 8, 2016

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge