FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 0 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORREN WHITFIELD,

                Plaintiff,

v.

SGT. J. WILLIAMS and SUPERVISOR LT.
BARKLEY,

                Defendants.
------------------------------------------------------------X

**DECISION & ORDER**
15-CV-4827 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 16, 2015, Lorren Whitfield ("Plaintiff") filed an Amended Complaint against Atia Lopez, Dennis Burns, Dean Tsutae Kusakabe, Robert Epstein, Rochard Colodney, New York City Policy Department ("NYPD") Sergeant J. Williams, NYPD Lieutenant Berkley, Philip Calandrillo, Denise Brockington, Neagia Drew, the New York City Housing Authority, Robert Ratanski, NYPD Lieutenant Barkley, and numerous John and Jane Does, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *See generally* Am. Compl., ECF No. 14. On January 8, 2016, this Court dismissed most of the allegations in the Amended Complaint except those raised against Sergeant Williams and NYPD Supervisor Barkley (together, "Defendants"). ECF No. 24. The Court referred the matter to Magistrate Judge Lois Bloom for pretrial supervision, and specifically directed Magistrate Judge Bloom to ensure Plaintiff complied with this Court's previous order to effect service of process as to Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Id.* On January 20, 2017, Magistrate Judge Bloom issued a Report and Recommendation ("R&R"), recommending the Amended Complaint be dismissed without prejudice for failure to serve Defendants. ECF No. 32. Plaintiff filed his Objections to the R&R on February 13, 2017. ECF No. 33. After a *de novo* review of the record, the Court ADOPTS the R&R in full.

## BACKGROUND

The Court assumes the parties' familiarity with the background of this case.

## DISCUSSION

**I.    Legal Standard**

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must conduct a *de novo* review of any contested portions of the Report and

1

Recommendation when a party objects to the magistrate judge's findings. *Norman v. Metro. Transp. Authority*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.). The Court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Id.* (citing *Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.)).

## II. Analysis

In her R&R, Magistrate Judge Bloom recommends this action be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because the record does not reflect that Plaintiff ever filed proof of proper service of process on Defendants, nor did Plaintiff show good cause as to why service was not timely effected. R&R at 1–2. Plaintiff filed a generalized objection that broadly disputed the R&R's findings. *See* Objections at 1 ("Judicial Notice/Affidavit of Fact and Negative Averment to Dilatory Report and Recommendation"). After a careful *de novo* review of the record, the Court ADOPTS the R&R in its entirety.

Rule 4(m) of the Federal Rules of Civil Procedure requires defendants to be "served within 90 days after the complaint is filed." If service is not effected, a court "must dismiss the action without prejudice against that defendant" unless "the plaintiff shows good cause for the failure." *Id.* Furthermore, Rule 4(e) of the Federal Rules of Civil Procedure provides that service must be effected by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

2

Plaintiff filed proof of service forms indicating he served the summons and Amended Complaint by First Class U.S. Mail, *see* ECF No. 16, but these do not establish Defendants were properly served because First Class Mail is not an acceptable method of service under the relevant laws, *see* Fed. R. Civ. P. 4(e); *see also* N.Y. C.P.L.R. § 308 (listing acceptable methods of personal service). Nor is there anything else in the record indicating Plaintiff properly served the remaining defendants at any point to date. Thus, it is proper for this Court to dismiss the Amended Complaint without prejudice.

## CONCLUSION

For the reasons stated above, the Report and Recommendation, ECF No. 32, is ADOPTED in its entirety. The Clerk of Court is directed to enter judgment and to close the action.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: May 4, 2017
Brooklyn, New York